<u>U.S. v. Jordan 15-cr-30053 – FINAL</u>

Electronic order entered adopting <u>77</u> Report and Recommendation ("R&R") in full, denying <u>49</u> Defendant's motion to dismiss indictment, denying <u>65</u> Defendant's motion for bill of particulars, and allowing <u>66</u> government's motion for subpoenas subject to conditions identified in the R&R. The court agrees entirely with Judge Robertson's reasoning in the R&R. Judge Robertson correctly concluded that, taking the allegations in the indictment to be true, *see United States v. Razo*, 2012 WL 5874667, at *5 (D. Me. Nov. 20, 2012), venue is proper in either Massachusetts or Maine. In response, Defendant argues venue is proper in Maine but gives no reason why it is not also proper in Massachusetts. Defendant's objections to the grand jury testimony are unavailing. Hearsay is allowed at grand jury proceedings. *See Costello v. United States*, 350 U.S. 359, 363 (1956). The testimony relating to a prior sex offense, alleged drug use, and an alleged extramarital affair was relevant to the charge that Defendant traveled from Maine to Massachusetts without making or updating required SORNA registrations. Defendant challenges the sufficiency of notice in the indictment, which alleges actions taking place "from in or about August 2015 to on or about October 22, 2015, in the District of Massachusetts and elsewhere." Judge Robertson concluded this provided adequate notice of the time and place of the offense, and the court agrees. Defendant cannot plausibly argue that the indictment's use of the word "elsewhere" fails to provide fair notice of the charge against him, especially given that he has since received highly detailed information about the government's factual allegations and has been "provided . . . sufficient opportunity to rebut the government's charges against him." *United States v. Berk*, 652 F.3d 132, 139 (1st Cir. 2011). Unlike in *United States v. Sumner*, 89 F. Supp. 3d 1161 (N.D. Okla. 2015), the time period in the indictment is narrow and Defendant has been apprised of when and where the offense is alleged to have taken place. Similarly, Defendant's arguments supporting his motion for a bill of particulars are entirely undercut by the language of the indictment and the highly detailed recitation of the evidence found in the government's subsequent filings. *See United States v. Sepulveda,* 15 F.3d 1161, 1192-93 (1st Cir. 1993); *United States v. Martinez*, 2012 WL 910280, at *1 (D. Mass. Mar. 15, 2012). No objection has been raised to the R&R's ruling on the government's motion for subpoenas. Accordingly, Defendant's motions are denied and the government's motion is allowed subject to the conditions imposed by the R&R.